IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IESHA ANDERSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-0737 |
| | § | |
| TRIAD RESOURCES, INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Defendants Triad Resources, Inc. ("Triad"), Paula Manning, Brandi O'Steen, and Cammie Thompson filed a Motion to Dismiss Pursuant to Rule 12(b)(6) ("Motion to Dismiss") [Doc. # 14] seeking dismissal of Plaintiff Iesha Anderson's First Amended Complaint[1] [Doc. # 10].   Plaintiff, proceeding *pro se*, filed an "Opposition/Response" ("Response") [Doc. # 16], and Defendants filed a "Notice of Waiver to Any Further Response" [Doc. # 18].   The Court has carefully reviewed the record and the applicable legal authorities.   Based on this review, the Motion to Dismiss is **denied** as to the Title VII claims and **granted** as to the state law claims.

---

[1]Plaintiff filed an original Complaint [Doc. # 1] on March 21, 2014, and an "Employment Discrimination Complaint" [Doc. # 3] on April 3, 2014.   Defendants moved to dismiss, and Plaintiff filed her First Amended Complaint [Doc. # 10] on May 1, 2014. Additionally, prior to filing her federal Complaint, Plaintiff filed a Complaint in Texas state court, attached as Exhibit A to Motion to Dismiss, which was apparently dismissed after the state court judge "instructed [Plaintiff] to file complaint with EEOC and obtain a right to sue letter."   *See* Memorandum in Support of Response [Doc. # 17], p. 1.

## I.   <u>BACKGROUND</u>

Plaintiff, an African-American female, alleges that she was hired by Triad in July 2013 to work as an Administrative Assistant to support Triad executives.  *See* First Amended Complaint, pp. 1, 6.   Plaintiff alleges that she was not given Administrative Assistant responsibilities and, instead, was "treated as a file clerk" spending 95% of her time filing.  *See id.* at 6.

Plaintiff alleges that she reported to "HR Generalist Felicia Bess" that she "was being discriminated against and stereotyped based on her race."  *Id.* at 2.  Plaintiff alleges that "Bess, an African-American female, recalled times that she and others felt discriminated against" while employed with Triad.  *Id.*  Plaintiff alleges that she was fired approximately two weeks later.  *See id.* at 2-3.

After obtaining her Notice of Right to Sue from the Equal Employment Opportunity Commission, Plaintiff filed this lawsuit.   In the First Amended Complaint, Plaintiff asserts claims of race discrimination and retaliation under Title VII.  Plaintiff also asserts purported state law claims of "Count 3 - HR Policies and Procedures," "Count 4 - Fraudulent Inducement of Employment," "Count 5 - Wrongful Termination," and "Count 6 - Mental Anguish, Emotional Distress, Pain and Suffering."   Defendants filed their Motion to Dismiss, which has been fully briefed and is now ripe for decision.

## II.    STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).  A plaintiff "need not establish every element of [her] *prima facie* case, but must nonetheless state a plausible claim for relief under the pleading standard set forth in *Twombly* and *Iqbal*." *EEOC v. Bass Pro Outdoor World, LLC*, 884 F. Supp. 2d 499, 515-16 (S.D. Tex. 2012) (Ellison, J.).  "A document filed *pro se* is to be liberally

construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted).

## III.   ANALYSIS – FEDERAL CLAIMS

Plaintiff asserts Title VII claims of race discrimination and retaliation.[2] Plaintiff has adequately pled these federal claims.

### A.   Discrimination

"[A]n employment discrimination plaintiff need not plead a *prima facie* case of discrimination" in order to survive a motion to dismiss.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); *see also Brown v. Bd. of Trustees Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 594 (S.D. Tex. 2012) (Ellison, J.).  In this case, Plaintiff alleges that she was discriminated against by Triad on the basis of her race when she was assigned duties that were significantly different than those for which she was hired and which, construing liberally her *pro se* First Amended Complaint, constituted a demotion.  Plaintiff alleges that her original job responsibilities changed "after Paula Manning met her."  *See* First Amended Complaint, p. 2.  These allegations give Defendants fair notice of Plaintiff's Title VII race discrimination

---

[2]Defendants request dismissal of Plaintiff's claims under 42 U.S.C. § 1981, but Plaintiff does not assert a § 1981 claim in the First Amended Complaint.

claim and the factual basis for it.  Additional detail can be developed during the discovery process.

### B.   Retaliation

To prevail eventually on her retaliation claim, Plaintiff will be required to prove that she engaged in protected activity under Title VII, she suffered an adverse employment action, and there was a causal link between the protected activity and the adverse employment action.  *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007).  In this case, Plaintiff alleges that she complained of race discrimination to "HR Generalist Felicia Bess" and that she was fired approximately two weeks later.  Plaintiff adequately alleges her Title VII retaliation claim.

## IV.   ANALYSIS – STATE LAW CLAIMS

In the "HR Policies and Procedures" claim, Plaintiff alleges that the termination of her employment was not conducted in accordance with HR policies and procedures at Triad.  The Court's research has not revealed a Texas law cause of action for violation of a company's internal policies and procedures.  As a result, this claim is dismissed.

Plaintiff's claim for fraudulent inducement of employment is similarly dismissed.  The Court has not found legal authority for this specific cause of action under Texas law.  To the extent Plaintiff is attempting to assert a general fraudulent

inducement, the claim fails because there was no employment contract between Plaintiff and Triad. *See, e.g., Holloway v. Dekkers*, 380 S.W.3d 315, 325 (Tex. App. – Dallas 2012, *reh'g overruled*) (no fraudulent inducement claim without a binding agreement).

Plaintiff asserts a Texas wrongful termination claim, but concedes that she was an at-will employee. Under Texas law, "employment for an indefinite term may be terminated at will and without cause." *Winters v. Houston Chronicle Publ'g Co.*, 795 S.W.2d 723, 723 (Tex. 1990). The employment-at-will doctrine is subject to certain statutory and judicial exceptions. Plaintiff does not, however, base her Texas wrongful termination claim on any such Texas statutory exception or any judicial exception recognized by the Texas Supreme Court. As a result, the Texas wrongful termination claim is dismissed.

It appears that Plaintiff is asserting a claim under Texas law for emotional distress.[3] Texas law does not recognize a cause of action for negligent infliction of emotional distress. *See Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993). Therefore, the Court will construe the claim as one for intentional infliction of emotional distress. "Intentional infliction of emotional distress is a 'gap-filler tort', judicially created to allow recovery in rare instances where severe emotional distress is inflicted in such

---

[3]It may be that the section "Mental Anguish, Emotional Distress, Pain and Suffering" is more properly directed to Plaintiff's alleged damages. However, because it is identified as "Count 6," the Court will construe it as a separate cause of action.

an unusual manner there are no other recognized theories of redress." *Rico v. L-3 Communications Corp.*, 420 S.W.3d 431, 441 (Tex. App. – Dallas 2014) (citing *Hoffmann–La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004)).  An essential element of this claim is that the defendant engaged in conduct that is extreme and outrageous, that is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993); *see also Rico*, 420 S.W.3d at 441.  "'[O]rdinary employment disputes' do not give rise to claims for intentional infliction of emotional distress." *Dworschak v. Transocean Offshore Deepwater Drilling, Inc.*, 352 S.W.3d 191, 198 (Tex. App. – Houston [14th Dist.] 2011) (quoting *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999)).  Rarely is conduct in the employment relationship, even wrongful termination, so extreme and outrageous that it is outside the realm of ordinary employment disputes.  *See id.* (citing *Wal–Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 741 (Tex. 2003); *see also City of Midland v. O'Bryant*, 18 S.W.3d 209, 217 (Tex. 2000).  Plaintiff has not alleged conduct that is extreme and outrageous and, therefore, Defendants are entitled to dismissal of the intentional infliction of emotional distress claim.

V.      **CONCLUSION AND ORDER**

Plaintiff, *pro se*, has adequately asserted Title VII claims of race discrimination and retaliation.  She has not, however, adequately alleged viable claims under Texas state law.  Consequently, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 14] is **DENIED** as to the Title VII claims and **GRANTED** as to the Texas state law claims.  The case remains scheduled for an initial conference on **July 7, 2014, at 12:30 p.m.**

**SIGNED** at Houston, Texas, this 27th day of **May, 2014**.

Nancy F. Atlas
United States District Judge